*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| LEAH A. WATSON, | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) Docket No. 06-73-B-W |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| **Commissioner of Social Security,**[1] | ) |
| | ) |
| *Defendant* | ) |

*REPORT AND RECOMMENDED DECISION*[2]

This Social Security Disability ("SSD") appeal raises the question whether there is substantial evidence to support the commissioner's decision that the plaintiff was not disabled before her date last insured. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the disability insured status requirements of the Social Security Act on October 1, 1990, the date on which she alleged she became disabled, and had sufficient quarters of coverage to remain insured only through September 30, 1992, Finding 1, Record at 22; and that prior to June 30, 2003 she did not have an impairment or combination of impairments

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), I have substituted new Commissioner of Social Security Michael J. Astrue as the defendant in this matter.

[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 22, 2007 pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to (*continued on next page*)

1

that was severe within the meaning of the Act and its implementing regulations, Finding 3, *id*. at 23. The Appeals Council declined to review the decision, *id*. at 9-11, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential process, at which stage the plaintiff bears the burden of proof. However, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id*. at 1124 (quoting Social Security Ruling 85-28).

## Discussion

The plaintiff contends that the administrative law judge failed to comply with Social Security Ruling 83-20 ("SSR 83-20") in evaluating her claim for benefits based on an alleged psychological impairment that existed before her date last insured. Plaintiff's Itemized Statement of Specific Errors

---

relevant statutes, regulations, case authority and page references to the administrative record.

("Itemized Statement") (Docket No. 10) at 1, 3-8.  She relies on the opinion of Dr. William DiTullio, a licensed clinical psychologist who saw her once at the request of her attorney, that she had "significant mental impairments since prior to the date last insured." *Id*. at 2.  There apparently are no medical records from the relevant time period. *Id*.; Record at 19.  The administrative law judge noted that Dr. DiTullio "examined the claimant on only one occasion, and appears to have based [his opinion regarding the onset of disabling mental impairments] on the claimant's subjective allegations." Record at 21.  She also observed that the medical expert who testified at the hearing before her stated that the claimant had impairments that met the Listings, *see* Appendix 1 to Subpart P of Section 404 of Title 20 of the Code of Federal Regulations (the "Listings"), for two mental impairments since June 30, 2003 "but not prior thereto," Record at 21.

> Social Security Ruling 83-20 instructs that
>
>> [i]n disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity.  The weight to be given any of the relevant evidence depends on the individual case.

Social Security Ruling 83-20, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 50.  The date alleged by the claimant should be used "if it is consistent with all the evidence available." *Id*. at 51.  "[T]he established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record." *Id*.  According to SSR 83-20, "it may be possible," but only "[i]n some cases," for the administrative law judge to use the medical evidence of record "to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination." *Id*.  Such a determination "must have a legitimate medical basis;" it is necessary to call on the services of a medical advisor in such circumstances. *Id*.

SSR 83-20 also contemplates the possibility that the available medical evidence will not yield a reasonable inference about the progression of a claimant's impairment. *Id*.  In such a case, "it may

3

be necessary to explore other sources of documentation" such as information from family members, friends and former employers of the claimant. *Id*. The impact of lay evidence on the decision regarding the date of onset "will be limited to the degree it is not contrary to the medical evidence of record." *Id*. at 52.

It is necessary that the evidence establish both that an impairment existed before the date last insured and that the impairment was severe. *See Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991) (retrospective diagnosis of post-traumatic stress disorder without evidence of actual disability is insufficient). Reports by the plaintiff herself do not constitute medical evidence. *See Richards v. Barnhart*, 2004 WL 2677206 (D. Me. Nov. 23, 2004), at *3. The mere failure by the administrative law judge to mention SSR 83-20 does not constitute reversible error if the ruling's dictates nonetheless are heeded. *See, e.g., Field v. Shalal* [sic], 1994 WL 485781 (D.N.H. Aug. 30, 1994), at *3 ("The ALJ's failure to explicitly rely on SSR 83-20 does not by itself require remand. In this case, however, the ALJ's reasoning also fails to comport with SSR 83-20's substantive requirements.") (Citation omitted.)

The plaintiff contends that "Dr. DiTullio provided an opinion, albeit a retrospective one, that Ms. Watson has had significant mental impairments since prior to the date last insured." Itemized Statement at 2. Dr. DiTullio opined as follows:

> Mental Status Examination did not reveal overt evidence of a major disorder of thought, but did reveal evidence of a major disorder of affect. The diagnostic impressions in Leah's case are that of Major Depression (296.33 DSM-IV), and an Atypical Anxiety Disorder with episodic agoraphobia, generalized features, panic attacks, and social phobia (300.00). She also presents PTSD, chronic and severe (309.81). These mental disorders span her entire working life, and have been significantly disabling all of her career and certainly before 9/30/92.

Record at 227-28. The plaintiff contends that the administrative law judge's statement that these conclusions are based only on her subjective allegations is not correct because "psychiatric signs are

4

not the same as symptoms." Itemized Statement at 2. In the absence of any identification by the plaintiff of either signs or symptoms in Dr. DiTullio's report, this assertion is of little assistance to a reviewing court. When asked at oral argument to distinguish the signs and symptoms in Dr. DiTullio's report, counsel for the plaintiff responded only that Dr. DiTullio does not make such distinctions. At Step 2, where the plaintiff bears the burden of proof, the plaintiff may reasonably be expected to be able to apply 20 C.F.R. § 404.1528 to identify symptoms ("your own description of your physical or mental impairment"), signs ("anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms)" and laboratory findings in a physician's report or records. Whether or not Dr. DiTullio makes such distinctions, the commissioner and a reviewing court are required to do so.

The plaintiff lists as "additional evidence of disability prior to" the date last insured a check mark made on a form by a family practice physician on July 3, 2003, *id*., indicating that the plaintiff had a psychiatric disability (severe depression and anxiety) that "was manifested before the person attained age 22," Record at 180, and that she was diagnosed by a consulting clinical psychologist in April 2004 and a social worker in July 2003 as suffering from a personality disorder, *id*. at 202, 205 & 193-94, which "involves habituated and maladaptive traits that normally originate in adolescence or early adulthood," Itemized Statement at 3. She provided no citation to authority for the assertion in her itemized statement that "DSM-IV makes [the later quoted statement] clear," but after oral argument counsel for the plaintiff provided citations to three pages of the Diagnostic Statistical Manual of Mental Disorders ("DSM-IV-TR") of the American Psychiatric Association. Specifically, DSM-IV says of personality disorders that they involve a pattern of behavior that is "stable and of long duration, and its onset can be traced back at least to adolescence or early adulthood[.]" Diagnostic and Statistical Manual of Mental Disorders (rev. 4th ed. 2000) at 687. However, the problem with all

5

three of the cited items of evidence and the citation to DSM-IV-TR is that none of them provides any indication of the severity of the differing psychiatric diagnoses at any time before the date last insured. *See generally Lonsberry v. Barnhart*, 2002 WL 449695 (D. Me. Mar. 25, 2002), at *3-*4.

Dr. DiTullio's report does not establish that he relied on anything other than the plaintiff's report in reaching his conclusions. He refers to a "mental status examination" but does not describe what that entails. A claimant's "statements alone are not enough to establish that there is a physical or mental impairment." 20 C.F.R. § 404.1528(a). "Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception. They must also be shown by observable facts that can be medically described and evaluated." 20 C.F.R. § 404.1528(b). *See also* SSR 83-20 at 50 ("medical evidence serves as the primary element in the onset determination").

Even if Dr. DiTullio's report had met the regulatory standard for a retrospective diagnosis of psychiatric disability, the administrative law judge was entitled to rely on the testimony of the medical expert at the hearing. He did testify, as the plaintiff notes, Itemized Statement at 2, that he "would also suspect that the psychiatric issues themselves" were present in 1990, Record at 282, but, again, this statement does not suggest that there was a severe psychiatric impairment at that time. The medical expert went on to say that he "would have to be concerned that at least from what I've read that the substance abuse was more of a problem in those days." *Id*. He concludes, with respect to both physical and mental impairments, "So, I do have some trouble going all the way back to 1990." *Id*. The administrative law judge did not err in concluding that the medical expert testified that the plaintiff did not meet Listing criteria for psychological impairments prior to the date last insured. *Id*. at 21.

6

In addition, "[a]n individual shall not be considered to be disabled for purposes of [the Act] if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)C). The applicable regulation provides that the key factor in determining whether drug addiction or alcoholism is a material contributing factor is whether the individual would still be found disabled if she stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b). A claimant bears the burden of proving that drug or alcohol addition is not a contributing factor material to her disability. *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999); *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Given the medical expert's testimony, the plaintiff has not carried this burden here.

The plaintiff asserts that "the only evidence on [the issue of psychiatric impairment before the date last insured] ranged from retrospective opinions that Ms. Watson had severe, indeed incapacitating, mental impairments prior to the DLI, to opinions that the information was insufficient to determine severity prior to the DLI. That range of evidence will not support the ALJ's positive finding that Ms. Watson's condition was not severe prior to the DLI." Itemized Statement at 3. This argument mischaracterizes some of the evidence but, more important, it relies on a misperception of the applicable burden of proof. The burden at Step 2 remains with the claimant. It is entirely appropriate for an administrative law judge to make a determination at that step of the sequential evaluation process that a claimant has not produced sufficient evidence, even in the context of a case to which SSR 83-20 applies.

**Conclusion**

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of March, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge